<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a (Koschwitz) (2019 NY Slip Op 07133)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a (Koschwitz)

2019 NY Slip Op 07133

Decided on October 03, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="10032019">Decided and Entered: October 03, 2019</DateLine>

PM-152-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Scott Norman Koschwitz, Respondent. (Attorney Registration No. 3042447.)

<DateLine type="prior_case_filed">Calendar Date: September 23, 2019</DateLine>

Before: Garry, P.J., Mulvey, Devine, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.

Scott Norman Koschwitz, Milford, Connecticut, respondent pro se.

Per Curiam.

Respondent was admitted to practice by this Court in 2000, after previously being admitted in his home jurisdiction of Connecticut in 1995. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (Matter of Attorneys in Violation of Judiciary Law § 468, 65 AD3d 1447, 1464 [2009]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). At the time that petitioner's application to suspend respondent, among others, was filed in October 2013, respondent had not fulfilled his attorney registration requirements since the 2000-2001 biennial period. Respondent now seeks his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Petitioner and the Lawyers' Fund for Client Protection both advise that they have no objection to respondent's application and defer to the Court's discretion regarding its disposition.
<Head align="center">In light of the length of his suspension, respondent properly submits a

sworn form affidavit applicable to attorneys suspended for longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Freedman], 166 AD3d 1161 [2018]). Notably, Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in his suspension and that he is now current with his biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent has also submitted the required documentation in support of his application, including proof that he successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, having reviewed the submitted materials and respondent's affidavit, we are satisfied that he has sufficiently complied with the order of suspension and the Rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Carleton], 175 AD3d 818 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Brown], 172 AD3d 1818 [2019]; Matter of Attorneys in Violation of Judiciary Law §468-a [Obele], 169 AD3d 1154, 1155 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.

Garry, P.J., Mulvey, Devine, Aarons and Pritzker, JJ., concur.<Head align="center">ORDERED that respondent's motion for reinstatement is granted; and it is

further

ORDERED that respondent is reinstated as an attorney and counselor

at-law in the State of New York, effective immediately.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>